UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRY C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3324 |
| | ) | |
| JAMES HANKINS, | ) | |
| SHARLENE CARAWAY, | ) | |
| JOSEPH PROCTOR, and | ) | |
| SHAN JUMPER, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

All of the defendants filed a notice of removal in this case except for Defendant Hankins. Though he did not consent to removal, Hankins initially did not file any objections to removal in this court. The rest of the defendants maintain it is necessary for Hankins not only to refuse to consent but also to file an objection in this Court within 30 days of the filing of the notice of removal.

The cases cited by the defendants do not support this conclusion. In Pettitt v. Boeing Co., 606 F.3d 340 (7th Cir. 2010), the Seventh Circuit held that removal did not require the unanimous consent of the defendants because removal of that case was brought under the Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369,

1

which falls under 28 U.S.C. § 1441(e)(1)(A) removal, not general federal question jurisdiction, which falls under 28 U.S.C. § 1441(a) removal. The Court confirmed in Pettitt that removal under § 1441(a) "generally requires the unanimous consent of all defendants". 606 F.3d at 343. This is not a case falling under the Multiforum Trial Jurisdiction Act.

Doe v. GTE Corp., 347 F.3d 655 (7th Cir. 2003) is also distinguishable because in that case all of the defendants implicitly consented to removal by litigating the case in federal court after removal. The lack of formal consent was an oversight by the court and the parties. Here, Defendant Hankins does *not* consent to removal. *See* Schmude v. Sheahan, 198 F.Supp.2d 964 (N.D. Ill. 2002)("[P]rior to removal, if a served defendant objects, it can refuse to join a co-defendant's removal petition, thereby preventing removal.").[1] In any event, even if Hankins needed to take additional action, he has now filed his "nonconsent to removal" in this Court, mooting the other defendants' argument. Accordingly, this case will be remanded to state court.

IT IS THEREFORE ORDERED that this case is remanded to the Circuit

---

[1] The parties do not state the date that Hankins was served, but it was presumably before the notice of removal was filed because the notice of removal was copied to the Illinois Attorney General. If Hankins had been served after the notice of removal was filed, then the defendants would be correct that Hankins would need to file a motion to remand. In any event, he in effect has filed a motion to remand with his reply.

Court for the Eighth Judicial Circuit of Illinois, Schuyler County, case number 11-L-4.  All pending motions are denied as moot (d/e's 5, 8), and this case is closed.

ENTERED: 9/22/2011

FOR THE COURT:

                            **s/Sue E. Myerscough**
                            SUE E. MYERSCOUGH
                       UNITED STATES DISTRICT JUDGE